BENJAMIN C. NESIN et al., Plaintiffs, *v.* LONG ISLAND GRANITE Co., INC., et al., Defendants.

Supreme Court, Special Term, Queens County, April 1, 1954.

*Emanuel Redfield* for plaintiffs.

*Keal Kaufman* for Richard J. Welsh, defendant.

*Max Weinman* for Long Island Granite Co., Inc., and others, defendants.

COLDEN, J. Motion by plaintiffs for a temporary injunction restraining the defendants from erecting, on their own property, a factory for cutting stone monuments. Cross motion by defendants for an order dismissing the complaint for failure to state a cause of action. The action has been discontinued against the defendant Welsh.

Plaintiffs are the owners of one-story semidetached dwellings in Maspeth, Queens County, New York. They purchased their homes at various times between July, 1950, and November, 1953. Defendants' property is located directly opposite a cemetery and is flanked on one side by a gasoline station and the other by another monument works which has been in operation there for about fifteen years. Ten of the plaintiffs' homes lie to the rear of defendants' premises and are on the same block, but face the next street. The homes of the remaining plaintiffs are on the next block. Both plaintiffs' and defendants' property is zoned for unrestricted use which permits the construction and operation of a monument works, and it has been so zoned for some years and prior to the acquisition of title by either plaintiffs or defendants of their respective properties.

Defendants have been engaged in the monument business in the same locality for about forty years. From 1913 to 1932, their plant was located about one block from the premises in question. From 1932 to 1952, it was located a few blocks away until that property was acquired by the City of New York by condemnation, for the extension of the Queens-Midtown Expressway. Thereupon the defendants contracted to buy the premises in question to erect a building for the manufacture of monuments and tombstones.

The plans for the building have been approved by the New York City department of housing and buildings. Defendants allege that all precautions are being taken to reduce vibration, noise and dust to a minimum by the use of the most modern machinery and methods, and that the processes to be used comply

in all respects with the rules of the New York State Department of Labor.

The legal test with respect to a nuisance is whether the use is reasonable under all the circumstances. (*McCarty* v. *Natural Carbonic Gas Co.*, 189 N. Y. 40, 46; *Booth* v. *Rome, Watertown & Ogdensburg Term. R. R. Co.*, 140 N. Y. 267, 277.) In applying that test to the instant case it must be remembered that defendants' proposed plant is not yet in use or even built, so it cannot be claimed that defendants' methods of operation constitute the nuisance. Plaintiffs' claim must necessarily be that a monument works per se is a nuisance even in an unrestricted use district. If such be the case then no such business can be operated anywhere in the city of New York. ·This is contrary to experience as well as to common sense.

In *Butterfield* v. *Klaber* (52 How. Pr. 255, 258 [1876]), it was held that "the business of cutting and polishing marble by machinery or otherwise, is not *per se* a nuisance;". In that case an injunction restraining the use of a steam engine and machinery employed in the business of cutting and polishing marble was denied. The property there involved was located at Broadway and 51st Street, New York City.

Since the erection and operation of a factory as a monument works is not a nuisance per se, but can become one only because of the method in which it may be operated, it follows that plaintiffs have no cause of action to prevent the erection of the proposed factory. If its operation should become a nuisance in the future they may then have a cause of action, but at the present time their complaint is premature. Plaintiffs' motion for a temporary injunction is denied. Defendants' cross motion for an order dismissing the complaint for legal insufficiency is granted. Submit orders.